FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 14 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DEVEN BUCKLEY, SHARON BUCKLEY, INDIVIDUALLY AND AS NEXT FRIENDS FOR KAYLEE BUCKLEY AND MEGAN BUCKLEY | § § § § § | |
| VS. | § § | Civil Action No. 6:04CV304 (HON. MICHAEL H. SCHNEIDER)(JURY) |
| TYSON POULTRY, INC. and TYSON FOODS, INC. | § § § | |

## ~~PROPOSED~~ ORDER APPROVING SETTLEMENT AND FINAL JUDGMENT

On February 14, 2006, came on to be heard the above-styled and numbered action wherein Deven Buckley and Sharon Buckley, Individually and as Next Friends for Kaylee Buckley and Megan Buckley, are Plaintiffs and Tyson Poultry, Inc. and Tyson Foods, Inc., are Defendants.

The parties came in person and by and through their respective attorneys of record and made known to the Court that any previously made jury demands are waived, and that all matters of fact and things in controversy are submitted to the Court. The named parties announced to the Court that they had agreed to settle and compromise all issues, claims and causes of action now existing or that may hereafter arise between Plaintiffs and Defendants. The total amount of the settlement is confidential, the terms of which are described in a Confidential Compromise Settlement Agreement, Release and Indemnity Agreement (the "Settlement Agreement"), a copy of which was tendered to the Court for an in-camera review but not filed.

It is understood and agreed that Plaintiffs, in consideration for the Defendants' agreement to settle this controversy for the sums described in the Settlement Agreement will pay,

discharge or indemnify and hold Defendants harmless for any and all outstanding unpaid hospital charges, hospital bills, medical bills, rights of reimbursement or other bills and expenses. It was pointed out to the Court that all parties have agreed that if this Order Approving Settlement is approved by the Court that neither Plaintiffs nor anyone claiming by, through or under them will be able to recover anything further of and from Defendants.

It having appeared to the Court that a potential conflict of interest exists between the adult Plaintiffs, Deven Buckley and Sharon Buckley, and the minor children, Kaylee Buckley and Megan Buckley, in the division of the proceeds of the settlement, the Court has appointed Brent Howard, a practicing attorney in Smith County, Texas, duly licensed and in good standing with the State Bar of Texas, as *Guardian Ad Litem* to represent the interests of Kaylee Buckley and Megan Buckley; and said *Guardian Ad Litem* has been apprised of all matters of fact concerning this controversy and settlement thereof.

After reviewing the pleadings filed in this case, the Court heard evidence touching upon such compromise and settlement agreement, with reference to the material facts regarding the claims made the basis of this litigation, and all matters pertaining to the alleged liability of Defendants and the damages to Plaintiffs, as well as the capacity of the parties to prosecute this action as stated herein. Upon hearing the evidence, the Court is of the opinion that such settlement agreement is in the best interest of Plaintiffs and that the terms of the settlement agreement are in all respects reasonable. It is understood and agreed by the Plaintiffs that the payment of the monies herein described is in settlement of disputed claims, that Defendants have denied liability and continues to deny liability of whatever nature to the Plaintiffs. It is further understood and agreed that Defendants herein by this settlement agreement make no admission

of liability to the Plaintiffs, nor to any other person, firm, corporation or other entity who did not assert a claim or file a lawsuit against Defendants, but rather that Defendants make this settlement solely to purchase their peace and to avoid the vexation and expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

The Court finds that Plaintiffs and Defendants, Tyson Poultry, Inc. and Tyson Foods, Inc. have satisfactorily compromised and settled all of the issues involved herein.

The Court is of the opinion that the Settlement Agreement executed by the Plaintiffs is fair and equitable and that the same should be, and is hereby in all things approved, and the Court hereby specifically finds that the Settlement Agreement is in the best interests of the minor children, Kaylee Buckley and Megan Buckley.

The Court further finds that the amounts are to be paid in full satisfaction of any and all claims arising from the incident that is the subject of this cause, which Plaintiffs have or might ever have, against Tyson Poultry, Inc. and Tyson Foods, Inc., their successors, servants, agents, heirs, partners, attorneys, representatives, predecessors, servants, employees, professional associations, insurers, and all persons and entities for whom the Defendants are, or may be, liable, and that under no legal or equitable theory may they hereafter recover either directly or indirectly any further sums by reason of any new suits, new theories, new or different claims, actions, cross-actions, counter-actions, or third-party actions, or other actions whatsoever, and further that this settlement and Order Approving Settlement shall fully bind any different personnel, personal representatives, heirs, assigns, subrogees, administrators, guardians, or others representing the person or estate of any Plaintiff herein named.

The Court hereby further finds that the minor Plaintiffs,' Kaylee Buckley and Megan Buckley, allocation of the sum agreed upon as a compromise settlement figure in this action and reflected in the Settlement Agreement between the parties should be as set forth on <u>Exhibit "A"</u> of the Confidential Compromise Settlement Agreement, Release and Indemnity Agreement. The Court further finds that the structured portion of the agreed upon settlement in favor of the adult Plaintiffs should be as set forth in <u>Exhibit "A"</u> of the Confidential Compromise Settlement Agreement, Release and Indemnity Agreement. The Court finds that the remainder of the agreed upon settlement amounts, as set forth in the Settlement Agreement between the parties are to be paid to Doyle Raizner LLP Trust Account f/b/o Deven and Sharon Buckley.

It is ordered by the Court that Plaintiffs herein do recover from Defendants, Tyson Poultry, Inc. and Tyson Food, Inc., the cash sum reflected in the Settlement Agreement, which sums are to be paid at the time this Order Approving Settlement is entered; and the Court accordingly orders that no execution or other process ever issue against Defendants, and that said Defendants are fully and finally released.

The Court approves the settlement entered into by the parties and finds that the claims of Plaintiffs against Defendants, Tyson Poultry, Inc. and Tyson Food, Inc., should be dismissed with prejudice; and that the Plaintiffs' claims, asserted or which could have been asserted herein against Defendants are fully satisfied in all respects, and that no execution shall ever issue herein.

It is ORDERED, ADJUDGED, and DECREED that all claims filed or which could have been filed by Deven Buckley and Sharon Buckley, Individually and as Next Friends for Kaylee

Buckley and Megan Buckley, against Defendants, Tyson Poultry, Inc. and Tyson Food, Inc., are dismissed with prejudice.

It is further ORDERED, ADJUDGED and DECREED that costs of Court incurred herein are taxed against the party incurring same.

It is further ORDERED, ADJUDGED and DECREED that a fee of $3,000.00 for the *Guardian Ad Litem* for Kaylee Buckley and Megan Buckley, is to be paid by Defendants.

It further appears to the Court that all sums and costs herein concerned have been fully paid as aforesaid by Defendants Tyson Poultry, Inc. and Tyson Food, Inc.; and it is accordingly ORDERED, ADJUDGED and DECREED that no execution shall issue hereon, this Order Approving Settlement being entered as paid and fully satisfied.

It is further ORDERED, ADJUDGED and DECREED that all relief requested or which could possibly be requested by any of the parties hereto which is not herein specifically granted is denied.

SIGNED the 14th day of February, 2006.

_____
JUDGE PRESIDING

AGREED AS TO FORM AND SUBSTANCE:

**DOYLE RAIZNER, LLP**
221 McKinney, Suite 4100
Houston, Texas 77010
(713) 571-1146
(713) 571-1148 (fax)

/s/ Michael P. Doyle
Michael P. Doyle
State Bar No.: 06095650
mdoyle@DoyleRaizner.com

**ATTORNEYS FOR PLAINTIFFS**


**BROWN MCCARROLL, L.L.P.**
P.O. Box 3999
Longview, Texas 75606
(903) 236-9800
(903) 236-8787 (fax)

/s/ Mitch Motley
Mitch Motley
State Bar No.: 14596000
mmotley@mailbmc.com

**ATTORNEYS FOR DEFENDANTS,**
**TYSON POULTRY, INC. AND**
**TYSON FOODS, INC.**

HOWARD, DAVIS & BUNT, A.P.C.
P. O. Drawer 1050
Tyler, Texas 75701-1050
(903) 533-9997
(903) 533-0260 (fax)

_____
Brent Howard
State Bar No. ~~00~~/0062600

**GUARDIAN AD LITEM FOR
KAYLEE BUCKLEY AND MEGAN BUCKLEY**